NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-3310

DEONNE R. NEW,

Petitioner,

v.

DEPARTMENT OF VETERANS AFFAIRS,

Respondent.

Deonne R. New, of Philadelphia, Pennsylvania, pro se.

Scott Slater, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With him on the brief were Jeffrey S. Bucholtz, Acting Assistant Attorney General, Jeanne E. Davidson, Director, and Todd M. Hughes, Assistant Director.

Appealed from: Merit Systems Protection Board

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-3310

DEONNE R. NEW,

Petitioner,

v.

DEPARTMENT OF VETERANS AFFAIRS,

Respondent.

Petition for review of the Merit Systems Protection Board in PH-0353-95-0695-X-1.

_____

DECIDED:    September 25, 2008

_____

Before RADER, CLEVENGER, and DYK, Circuit Judges.

PER CURIAM.

Deonne R. New ("New") petitions for review of a final decision of the Merit Systems Protection Board ("Board"). The Board dismissed her petition for enforcement of the Board's July 11, 2005, order, New v. Dep't of Veterans Affairs, 106 M.S.P.R. 217 (M.S.P.B. 2007). We affirm.

BACKGROUND

New began working as a secretary for the Department of Veterans Affairs ("the agency") in 1983 and, after a traumatic back injury, intermittently received Office of Workers' Compensation Programs benefits. In February 1988, the agency removed New for poor overall attendance and subsequently denied her February 15, 1991, request for restoration. Several years of administrative proceedings and litigation

followed. On July 11, 2005, the Board found that New was entitled to priority consideration for restoration retroactive to February 15, 1991 (the date she requested restoration to her former position following her full recovery from her compensable injury). New v. Dep't of Veterans Affairs, 99 M.S.P.R. 404 (M.S.P.B. 2005). The Board also ordered the agency to pay New back pay and benefits as appropriate.

On November 15, 2005, New filed a petition for enforcement with the Board alleging that she had not received the full back pay and benefits to which she was entitled, including retroactive promotions that she would have earned and reimbursement for educational expenses. On June 21, 2006, the Administrative Judge ("AJ") issued a decision granting in part and denying in part New's petition. The AJ found that the agency had appointed New (retroactive to February 15, 1991) to a newly-created GS-3 position comparable to her former position, paid her back pay with interest of $330,940.80, made appropriate deductions for taxes and benefits, and restored her leave balances. The AJ identified additional steps required for the agency to be in full compliance with the relief ordered by the Board. However, in three respects the AJ held that New was not entitled to additional relief: (1) the AJ held that New was not entitled to certain educational expenses; (2) the AJ held that New was not entitled to promotions during the period between her 1991 request for restoration and her actual restoration in 2005; and (3) the AJ declined to consider New's claim that she was not absent without leave, a predicate for the eventual agency action removing her after her restoration.

The AJ noted that New accepted the newly-created position and began work on August 15, 2005, but, according to the agency, worked a total of ten hours before becoming absent without leave on August 17 and was eventually discharged. New

challenged that she was absent without leave. The AJ ruled that the matter was beyond the scope of the enforcement proceeding.

On July 10 and 14, 2006, the agency submitted evidence that it had implemented each of the requirements of the AJ's decision. New then petitioned the Board for review of the AJ's decision, raising additional contentions concerning her back pay calculation.

Finding that the agency had complied with the Board's July 11, 2005 order by correcting the deficiencies noted in the AJ's decision, on June 28, 2007, the Board dismissed New's petition for enforcement. New, 106 M.S.P.R. 217 at ¶11. New timely petitioned for review.

## DISCUSSION

The scope of our review of a Board decision is limited. We must affirm the Board's decision unless it was "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c); Lary v. U.S. Postal Serv., 472 F.3d 1363, 1366-67 (Fed. Cir. 2006).

On review, New asserts that the Board erred by declining to consider her arguments concerning her removal for her alleged absence without leave from the agency beginning August 17, 2005. New claims that the Board's order restored her leave and that she was not absent without leave because she was using that restored leave, or, alternatively, leave to which she was entitled under the Family and Medical Leave Act. We see no error in the Board's determination that New's claims with respect to her right to use leave are beyond the scope of this compliance proceeding.

In addition, New asserts that in the period between her request for restoration in 1991 and her actual restoration in 2005 she would have been promoted to higher grade positions. Under governing law, New was only entitled to automatic career ladder promotions during the period in question and those that she clearly established that she would have obtained. We find no basis to disturb the Board's determination that New has not established any entitlement to additional promotions under this standard in the 1991-2005 period. See Rickels v. Dep't of Treasury, 42 M.S.P.R. 596, 602 (M.S.P.B. 1989). We also see no error in the Board's determination that the agency was not required to further promote New before 1991.

New additionally contends that that the Board erred in rejecting her claim for personal educational expenses incurred while earning a paralegal certificate and two degrees after 1991. As the Board noted, New cites no law, rule, or regulation under which such reimbursement could be ordered by the Board. Although New asserts that she should have been reimbursed for these expenses under the agency's employee training and development program, see 5 C.F.R. §§ 410.101 to 410.405, New's contention that she would have been selected for that limited program is entirely speculative.

Finally, New contends that the full Board erroneously rejected her claim for additional back pay. We see no error in the Board's decision. We have considered New's additional arguments and conclude that they either were not properly raised before the Board or are without merit. The decision of the Board is affirmed.

COSTS

No costs.