**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

ERIC BENNETT,
      Appellant,

     v.

DEPARTMENT OF
  TRANSPORTATION,
      Agency.

DOCKET NUMBER
NY-0752-14-0073-C-2

DATE: October 26, 2022

# THIS ORDER IS NONPRECEDENTIAL[1]

<u>Jonathan Bell</u>, Esquire and <u>Susan Tylar</u>, Garden City, New York, for the appellant.

<u>Daniel P. Kohlmeyer</u>, Esquire, Jamaica, New York, for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

**ORDER**

¶1      This matter is before the Board on the appellant's petition for review of the compliance initial decision, which granted in part and denied in part his petition for enforcement of the Board's final decision reversing his removal.  For the

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

reasons discussed below, we GRANT the appellant's petition for review. We AFFIRM the compliance initial decision AS MODIFIED to find the agency in noncompliance to the extent it failed to provide sufficient and clear information regarding its calculation of the appellant's overtime hours as a part of the back pay award and ORDER the agency to submit satisfactory evidence of compliance.

## BACKGROUND

¶2 The appellant was employed by the agency as an Air Traffic Control Specialist. *Bennett v. Department of Transportation*, MSPB Docket No. NY-0752-14-0073-I-2, Appeal File, Tab 21, Initial Decision (ID) at 1. On March 25, 2011, he experienced an on-the-job injury when he had a debilitating emotional response after he descended an aircraft too soon and lost separation between the aircraft that was descending and one taking off, nearly causing a mid-air collision. ID at 2. As a result of the emotional trauma, the appellant was unable to work. ID at 2-6. After years of medical visits and documentation and questions on whether he could return to work, the agency removed the appellant for nondisciplinary reasons, effective November 9, 2013. ID at 2, 12-13.

¶3 On July 29, 2016, an administrative judge issued an initial decision finding that the agency improperly removed the appellant and ordering the agency to cancel the removal and retroactively restore the appellant, effective November 9, 2013. ID at 27, 37. It also ordered the agency to pay the appellant the appropriate amount of back pay with interest and to adjust benefits with appropriate credits and deductions. ID at 37. Neither party petitioned for review of the initial decision, which became final on September 2, 2016. ID at 40.

¶4 On January 23, 2017, the appellant filed a petition for enforcement. *Bennett v. Department of Transportation*, MSPB Docket No. NY-0752-14-0073-C-1, Compliance File (C-1 CF), Tab 1. The administrative judge dismissed the appeal without prejudice to allow the parties to sort through some of the enforcement issues that the appellant had raised. C-1 CF, Tab 13, Compliance Initial Decision. Upon the automatic refiling of the petition for enforcement, the

appellant narrowed the scope of his enforcement challenges and argued that: (1) the agency failed to correctly calculate his overtime pay; (2) the agency failed to pay an award; and (3) it failed to give the appellant the opportunity to "buy back" his leave. *Bennett v. Department of Transportation*, MSPB Docket No. NY-0752-14-0073-C-2, Compliance File (C-2 CF), Tab 6 at 6-8.

¶5    On August 1, 2017, the administrative judge issued a compliance initial decision granting the petition for enforcement in part and denying it in part. C-2 CF, Tab 11, Compliance Initial Decision (CID). Specifically, she found that the agency established that the appellant complied with the Board's final decision regarding the back pay computation for overtime hours and that the appellant was not entitled to buy back leave. CID at 3-6. Accordingly, the administrative judge denied the petition for enforcement regarding these two issues. CID at 6. However, the administrative judge also granted the petition in part, finding that the agency failed to establish that it paid the appellant a bonus award to which he was entitled. CID at 4-6.

¶6    The appellant has filed a petition for review of the compliance initial decision arguing that the administrative judge erred in finding that the agency correctly computed the overtime hours he was due as a part of the back pay award. Petition for Review (PFR) File, Tab 3 at 6-9. The agency has filed a response. PFR File, Tab 5.

**DISCUSSION OF ARGUMENTS AND EVIDENCE ON COMPLIANCE**

¶7    When the Board reverses a personnel action, it orders that the appellant be placed, as nearly as possible, in the same situation he would have been in had the wrongful personnel action not occurred. *Rittgers v. Department of the Army*, 123 M.S.P.R. 31, ¶ 13 (2015). Overtime back pay may be computed based on either the appellant's own overtime history or the average overtime hours worked by similarly situated employees during the relevant time period. *Id.* Although the appellant is not entitled to receive a windfall, he is entitled to be restored to the status quo ante, and the agency must use the method of computation most

likely to achieve this goal. *Id.* The Board will not nullify the method employed by the agency in calculating overtime back pay in the absence of a showing that the method was unreasonable or unworkable, *id.*, but the agency bears the ultimate burden of proving its compliance with a Board order, *New v. Department of Veterans Affairs*, 106 M.S.P.R. 217, ¶ 6 (2007), *aff'd*, 293 F. App'x 779 (Fed. Cir. 2008).

<u>The agency's selection of method to compute the appellant's overtime hours was reasonable.</u>

¶8        Here, the agency asserts that it relied on the appellant's prior overtime history for 2010, the year before his injury, to accurately estimate the amount of overtime hours to include in his back pay award. C-1 CF, Tab 7 at 5-6, 13; PFR File, Tab 5 at 4-5. To support this decision, the agency submitted 2011 overtime records of similarly situated employees, which demonstrate that the appellant's average overtime hours applied to the back pay period exceed the average overtime hours worked by similarly situated employees a year later. C-2 CF, Tab 7 at 8. It also submitted an affidavit from a staff manager stating that there was no mandatory overtime policy at the appellant's station in 2011. *Id.* at 7. Based on this evidence, the administrative judge found that the agency's decision to pay the appellant overtime based on his pre-removal overtime hours was not unreasonable. CID at 4.

¶9        The appellant argued below and again on review that overtime became mandatory in 2011 and that the average hours of overtime worked by similarly situated employees increased substantially in 2016. PFR File, Tab 3 at 6. To support these claims, the appellant submitted an affidavit and what purport to be the overtime records of allegedly similarly situated employees for 2016. C-1 CF, Tab 9 at 5-6, 9, 12-13, 26. Thus, the appellant argues that because agency policy and requirements changed after 2010 and there was a demonstrable increase in overtime worked in 2016, it was not reasonable for the agency to rely on 2010

records to calculate his overtime hours for the back pay period.  PFR File, Tab 3 at 6-9.

¶10    We find no reason to disturb the agency's method of selection in calculating overtime hours.  The appellant's affidavit is directly contradicted by the staff manager's affidavit, and there is no other evidence in the record proving that there was mandatory overtime during any period between 2011 and 2016. Further, the appellant has only submitted 1 year of overtime records.  The record contains no additional evidence showing that between 2012 and 2015, similarly situated employees worked overtime hours consistent with the 2016 records and in substantial excess of the appellant's hours in 2010 and the average in 2011. Based on the foregoing, we agree with the administrative judge's conclusions and find that the appellant has failed to show that the agency's selected method was unreasonable.  Accordingly, we will not nullify that selection.  *See Rittgers*, 123 M.S.P.R. 31, ¶ 13.

The agency has not presented clear and understandable evidence that its calculation for the appellant's overtime hours was accurate.

¶11    Nonetheless, despite our agreement with the administrative judge that the agency's decision to pay the appellant overtime based on his pre-removal overtime hours was not unreasonable, we find that the agency has failed to meet its ultimate burden of proving compliance regarding the overtime calculations. *See Stone v. Department of Health & Human Services*, 38 M.S.P.R. 634, 638 (1988) (stating that it is within the Board's authority to address an issue not raised by the parties before the initial decision becomes final).  The Board has held that an agency's assertion of compliance must include a clear explanation of its compliance actions supported by credible evidence and understandable documentary evidence.  *Tubesing v. Department of Health & Human Services*, 112 M.S.P.R. 393, ¶ 17 (2009).  We find that the evidence submitted by the agency to demonstrate the accuracy of its calculations is neither clear nor understandable.

¶12     Here, the administrative judge concluded that the agency estimated the appellant's overtime at 232 hours.  CID at 4.  However, there does not appear to be any evidence in the record that explicitly confirms this number.  Thus, to arrive at this number, we are left to assume that the administrative judge pieced together several documents to effectively make the agency's case for it.  To wit, the record includes an affidavit from a Payroll Program Specialist that provides overtime hours retroactively granted to the appellant per a series of time segments during the back pay period.  C-1 CF, Tab 7 at 9-11.  The affidavit does not clearly state that the appellant earned 232 hours of overtime in 2010.  Rather, to arrive at the 232 number, one must read this affidavit in conjunction with another affidavit from a Management Support Specialist, who stated that she "used the hours Mr. Bennett worked in each pay period the one year prior to his [Office of Workers' Compensation Programs] injury . . . [and] applied these hours to the same pay periods in 2015 and 2016." [2]  C-1 CF, Tab 7 at 13.  If one refers back to the Payroll Program Specialist's affidavit and adds up the overtime granted to the appellant between January 11 through June 13, 2015, and June 14, 2015, through January 9, 2016, one arrives at 231.5 hours, or approximately 232 hours, as stated by the administrative judge.  *Id.* at 10-11; CID at 4.

¶13     If the inquiry ended there, we would agree with the administrative judge that the agency presented sufficient evidence of its calculation of overtime hours for the back pay period.  However, the Management Support Specialist said in her affidavit that these numbers were applied to 2015 *and* 2016.  C-1 CF, Tab 7 at 13.  If we refer back to the Payroll Program Specialist's affidavit, the appellant was

---

[2] When this affidavit was submitted, the agency took the position that it was not required to pay back pay during the Office of Workers' Compensation Programs (OWCP) period because the appellant already was receiving outside compensation from OWCP.  C-1 CF, Tab 7 at 5.  Thus, it only applied the appellant's 2010 overtime hours to 2015 and 2016.  *Id.* at 13.  The administrative judge has since ruled that the agency was required to pay the appellant back pay during the entire back pay period, minus any deductions, including an offset for any OWCP wage replacement benefits he actually received.  C-1 CF, Tab 12 at 1-2.

granted approximately 153 overtime hours in 2016. *Id.* at 11. Although the back pay calculations ended in October 2016, and therefore did not include the entire year because the appellant had been reinstated by that time, *id.* at 19, if the Management Support Specialist's claim that the same numbers were applied to 2015 and 2016, the time periods of January through June would be the same for both years, yet they are not, *id.* at 9-14. To further confuse matters, the appellant submitted what appear to be 2010 overtime records, which reflect his hours of overtime worked as 215 hours. C-1 CF, Tab 9 at 9. Therefore, we find that the agency has failed to present clear and understandable evidence that its calculation of the appellant's overtime hours is accurate and thus has failed to meet its burden to show that it is in full compliance with the back pay award ordered in the final decision reversing his removal.

### ORDER

¶14 We ORDER the agency to submit to the Clerk of the Board within 60 days of the date of this Order satisfactory evidence of compliance. This evidence shall adhere to the requirements set forth in 5 C.F.R. § 1201.183(a)(6)(i), including submission of evidence and a narrative statement of compliance. The agency's submission shall demonstrate that it properly calculated the appellant's overtime hours for 2010 and that the back pay awarded to the appellant reflects that calculation. The agency must serve all parties with copies of its submission.

¶15 **The agency's submission should be filed under the separate docket number assigned to the compliance referral matter, MSPB Docket No. NY-0752-14-0073-X-1.** All subsequent filings should refer to that compliance referral docket number set forth above and should be faxed to (202) 653-7130 or mailed to the following address:

Clerk of the Board
U.S. Merit Systems Protection Board
1615 M Street, N.W.
Washington, D.C. 20419

Submissions may also be made by electronic filing at the MSPB's e-Appeal site (https://e-appeal.mspb.gov) in accordance with the Board's regulation at 5 C.F.R. § 1201.14.

¶16      The appellant may respond to the agency's evidence of compliance within 20 days of the date of service of the agency's submission. 5 C.F.R. § 1201.183(a)(8). If the appellant does not respond to the agency's evidence of compliance, the Board may assume that he is satisfied with the agency's actions and dismiss the petition for enforcement.

¶17      The agency is reminded that if it fails to provide adequate evidence of compliance, the responsible agency official and the agency's representative may be required to appear before the General Counsel of the Merit Systems Protection Board to show cause why the Board should not impose sanctions for the agency's noncompliance in this case. 5 C.F.R. § 1201.183(c)(1). The Board's authority to impose sanctions includes the authority to order that the responsible agency official "shall not be entitled to receive payment for service as an employee during any period that the order has not been complied with." 5 U.S.C. § 1204(e)(2)(A).

¶18      This Order does not constitute a final order and is therefore not subject to judicial review under 5 U.S.C. § 7703(a)(1). Upon the Board's final resolution of the remaining issues in this petition for enforcement, a final order shall be issued which shall be subject to judicial review.

FOR THE BOARD:                    /s/ for

                                         Jennifer Everling
                                         Acting Clerk of the Board

Washington, D.C.