**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

KEVIN M. TORGERSEN,
          Appellant,

        v.

DEPARTMENT OF THE ARMY,
          Agency.

DOCKET NUMBER
PH-0752-22-0072-C-1

DATE:  March 27, 2024

# THIS ORDER IS NONPRECEDENTIAL[1]

<u>Kevin M. Torgersen</u>, Marshfield, Massachusetts, pro se.

<u>Matthew J Harris</u>, Esquire, Concord, Massachusetts, for the agency.

**BEFORE**

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

**ORDER**

This matter is before the Board on the appellant's petition for review of the compliance initial decision, which denied his petition for enforcement of the Board's final decision reversing his removal.  For the reasons set forth below, we GRANT the appellant's petition for review, REVERSE the compliance initial decision, FIND the agency in noncompliance with the final decision on the

---

[1]  A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  See 5 C.F.R. § 1201.117(c).

merits, and ORDER the agency to submit satisfactory evidence of compliance with the Board's order.

## BACKGROUND

On April 16, 2021, the agency removed the appellant from his position as a Survey Technician with the U.S. Army Corps of Engineers (USACE) for medical inability to perform the essential duties of his position. *Torgersen v. Department of the Army*, MSPB Docket No. PH-0752-22-0072-I-1, Initial Appeal File, Tab 92, Initial Decision (ID) at 2, 7. On May 23, 2022, the administrative judge issued an initial decision finding that the agency failed to establish that the appellant was medically unable to perform the duties of his Survey Technician position and ordered the agency to cancel the removal and retroactively restore the appellant, effective April 16, 2021. ID at 13, 21. It also ordered the agency to pay the appellant the appropriate amount of back pay with interest and to adjust benefits with appropriate credits and deductions. ID at 21. Neither party petitioned for review of the initial decision, which became final on June 27, 2022. ID at 23.

On September 11, 2022, the appellant filed a petition for enforcement. *Torgersen v. Department of the Army*, MSPB Docket No. PH-0752-22-0072-C-1, Compliance File (CF), Tab 1. He did not dispute that the agency restored him to his former position, but he argued that: (1) the agency had not paid any of the back pay owed to him; (2) the agency informed him that it did not intend to include any overtime or differential pay in the back pay award, while failing to provide him with the records necessary for determining the proper calculation of any overtime or differential pay; and (3) the agency failed to restore his sick leave balances. *Id.* at 4-7. He further argued that he was entitled to overtime that he earned while working as a Material Handler with the Department of Veterans Affairs (DVA), from January 30 to July 16, 2022, when he was restored to his

position at USACE, but that the agency intended to deduct these earnings from its back pay award. *Id.* at 6; CF, Tab 6 at 38.

In its responses, the agency admitted that it had not provided the appellant with his back pay and sick leave because the Defense Finance Accounting Service (DFAS) had not yet processed it. CF, Tab 3. It explained that the situation was complicated by the appellant's dual employment at the USACE (retroactively) and DVA, but that "a reasonable schedule for full compliance would have back pay processed no later than November 5, 2022." *Id.* at 4, 8-9, 35-36, Tab 30 at 4. It argued that the Board should deny the appellant's petition for enforcement because it had acted in good faith by submitting a back pay Remedy Ticket to DFAS the day after the appellant provided the agency with the necessary information. CF, Tab 3 at 4. On January 24, 2023, the agency provided an update that DVA, working in conjunction with the agency and DFAS, had cancelled the appellant's appointment, resulting in a debt owed by the appellant for his earnings at DVA that would have been offset by his back pay award from the agency. CF, Tab 31 at 4, Tab 35 at 4-5. However, because the appellant appealed that debt, DFAS could not process his back pay until the debt appeal was resolved. CF, Tab 35 at 4-5.

On February 28, 2023, the administrative judge issued a compliance initial decision denying the appellant's petition for enforcement without prejudice. CF, Tab 37, Compliance Initial Decision (CID) at 5.[2] Specifically, he found that the agency, while not in technical compliance with the Board's final decision, had acted in good faith to process the appellant's back pay and benefits adjustments. CID at 4. He reasoned that DFAS was an entity separate and apart from the agency—over which the agency had no control—and that the situation was complicated by the ramifications of the appellant's dual employment. *Id.*

---

[2] The administrative judge ruled that the appellant's petition for enforcement was denied "at this time."

The appellant has filed a timely petition for review of the compliance initial decision requesting that the Board order the agency to pay the undisputed amount of back pay owed to him, along with interest and penalties, and restore his sick leave. Compliance Petition for Review (CPFR) File, Tab 1 at 5. He also argued that the administrative judge failed to address his arguments concerning overtime or rule on his motion to compel the agency's production of documents relevant to the same. *Id.* at 7-10; CF, Tab 11, Tab 25. The agency has responded in opposition to the petition for review, CPFR File, Tab 3, and the appellant has replied, CPFR File, Tab 6.[3]

## ANALYSIS

<u>The agency is ordered to submit evidence demonstrating that it properly calculated the appellant's overtime and differential pay hours and submitted its calculations to DFAS.</u>

An agency bears the burden of proving its compliance with a final Board order, and compliance must be supported by relevant, material, and credible evidence in the form of documentation or affidavits. *See New v. Department of Veterans Affairs*, 106 M.S.P.R. 217, ¶ 6 (2007), *aff'd per curiam*, 293 F. App'x 779 (Fed. Cir. 2008). Satisfactory evidence of compliance with a back pay order must include an explanation of how the agency arrived at its figures, evidence of the compliance actions that the party has completed, along with a reasonable schedule for full compliance. 5 C.F.R. § 1201.183(a)(1). DFAS is responsible for calculating and paying the appellant based on information provided to it by the agency. *Walker v. Department of the Army*, 90 M.S.P.R. 136, ¶ 15 (2001). The agency's submissions must show that it provided DFAS with pertinent

[3] The appellant has also requested that the Board accommodate his disability by allowing him extra time to submit pleadings as well as the ability to amend or revise previously submitted pleadings as needed. CPFR File, Tab 1 at 4-5. The Board subsequently granted the appellant an extension of time to file his reply to the appellant's response to the petition for review. CPFR File, Tabs 4-6; *see* 5 C.F.R. § 1201.144(f). We will consider future motions by the appellant in accordance with our regulations.

information about the appellant necessary for this calculation. *Walker*, 90 M.S.P.R. 136, ¶ 15; *see* 5 C.F.R. § 550.805; *see also* ID at 31 (DFAS Back Pay Checklist).

Here, the administrative judge did not expressly address whether the agency submitted credible evidence in the form of documentation or affidavits that it provided DFAS with the pertinent information necessary for the back pay calculation. The agency produced evidence that it submitted a back pay Remedy Ticket to DFAS on August 10, 2022. CPFR File, Tab 3 at 23; CF, Tab 9 at 46-59, 75-78, 90. However, there is an unresolved factual dispute as to whether the information that the agency provided to DFAS reflected the proper overtime and differential pay hours.[4]

The agency submitted to DFAS timecards certified by the appellant on August 9, 2022, reflecting that the appellant would have worked 40 hours of basic pay per week at USACE. CF, Tab 3 at 34, 36, Tab 9 at 46-60. On August 28, 2022, after the agency had submitted the certified timecards to DFAS, the appellant emailed the agency representative to request copies of his Survey Crew Chief's timecards and travel assignments for the purposes of determining any overtime or shift differentials that the appellant may have also worked during the relevant period. CF, Tab 9 at 79. The agency denied the appellant's request on the basis that the appellant had already certified his timecards—which it had already supplied to DFAS—and that there was "no legal authority" for it to provide the requested timecards or travel assignments. *Id*. at 80.

In his petition for enforcement, the appellant raised the issue of his possible entitlement to overtime or shift differentials and the agency's refusal to provide him with the information necessary for determining the same. CF, Tab 1

---

[4] It is unclear whether the appellant asserts potential entitlement to travel expenses. CPFR File, Tab 1 at 10. In any event, incidental expenses such as per diem and travel expenses are not covered by the phrase "pay, allowances or differentials" under either the Back Pay Act, 5 U.S.C. § 5596(b)(1)(A), or its implementing regulations, found at 5 C.F.R. § 550.805. *See Campbell v. U.S. Postal Service*, 75 M.S.P.R. 273, 278 (1997).

at 5-6, Tab 12 at 9-10. He submitted a discovery request for his Survey Crew Chief's timecards and travel assignments, CF, Tab 11, and moved to compel the agency to produce the requested documentation, CF, Tab 25. On review, the appellant states correctly that the administrative judge did not address his arguments concerning overtime or rule on his motion to compel. CPFR File, Tab 1 at 6-7. In response, the agency has argued, among other things, that any dispute about the inclusion of overtime in his back pay was premature because it was still being adjudicated by DFAS. CPFR File, Tab 3 at 27; CF, Tab 29.

We disagree with the agency's position that any dispute about overtime was premature. Per the agency's own assertion, it submitted to DFAS that the appellant would have earned 40 hours of basic pay per week at the USACE. CF, Tab 3 at 34, 36. Whether the agency has proven that it complied with the Board's back pay order by supplying DFAS with the correct information is ripe for adjudication. *See* 5 CFR § 550.805(a)(2).

When the Board reverses a personnel action, it orders that the appellant be placed, as nearly as possible, in the same situation he would have been in had the wrongful personnel action not occurred. *Rittgers v. Department of the Army*, 123 M.S.P.R. 31, ¶ 13 (2015). Overtime back pay may be computed based on either the appellant's own overtime history or the average overtime hours worked by similarly situated employees during the relevant time period. *Id.* Although the appellant is not entitled to receive a windfall, he is entitled to be restored to the status quo ante, and the agency must use the method of computation most likely to achieve this goal. *Id.* The Board will not nullify the method employed by the agency in calculating overtime back pay in the absence of a showing that the method was unreasonable or unworkable, *id.*, but the agency bears the ultimate burden of proving its compliance with a Board order, *New*, 106 M.S.P.R. 217, ¶ 6.

Moreover, where there is no regulatory right to discovery in compliance cases, the Board may require the presentation of evidence when it is necessary to

determine whether an agency has complied with its decision. *Williams v. Department of the Navy*, 43 M.S.P.R. 114, 116-17 (1990). In this case, the agency has not presented clear and understandable argument and evidence that its determination, that the appellant would not have worked overtime or differential time, was accurate. *See Tubesing v. Department of Health and Human Services*, 112 M.S.P.R. 393, ¶ 17 (2009) (stating that an agency's assertion of compliance must include a clear explanation of its compliance actions supported by credible evidence and understandable documentary evidence). Considering the lack of probative evidence in the record on the overtime and differential pay issue, we find that there is a genuine issue of fact requiring the production of evidence. We order the agency to submit evidence and argument demonstrating that it properly calculated the appellant's overtime hours for April 16, 2021, through July 17, 2022, and that its submission to DFAS reflects that calculation. The agency's submission shall include the records for similarly situated individual(s) during the period in question regardless of whether it used this method of computation.[5]

The appellant has also asserted that he is entitled to the 16.5 hours of overtime pay that he earned at DVA. CPFR File, Tab 1; CF, Tab 9 at 31-35, 42-47. The agency has explained to the appellant that it could not speak to how DFAS would treat the overtime hours that he earned at DVA, and it has argued that the issue is premature. CF, Tab 9 at 42; CPFR File, Tab 3 at 27 n.9. We find it appropriate to resolve this issue and provide clarity to the parties.

Pursuant to 5 U.S.C. § 5596(b)(1)(A), an agency must deduct from a back pay award any amount an appellant earned from employment obtained as a replacement for his position during the period the corrected personnel action was in effect. *LaBatte v. Department of the Air Force*, 58 M.S.P.R. 586, 595 (1993); 5 C.F.R. § 550.805(e)(1). To establish that replacement earnings received during the period that an employee was improperly removed from his position should be

---

[5] We disagree with the agency's position that the Privacy Act bars it from supplying this evidence. CF, Tab 29 at 11-13.

viewed as "moonlight" employment, and thus not deductible from a back pay award, the employee must show that he could or would have worked at the interim employment had the removal not occurred. *Weber v. Department of Justice*, 88 M.S.P.R. 345, ¶ 11 (2001). We find that the appellant's full-time position as a Materials Handler at DVA was replacement employment—not moonlight employment—and, thus, all earnings from this position are deductible. CF, Tab 6 at 38.

<u>The agency is ordered to submit evidence demonstrating full compliance with the Board's order.</u>

Furthermore, we find that the agency's continued technical noncompliance with the Board's order warrants an outcome different than that of the compliance initial decision. The compliance initial decision was issued in accordance with the Board's regulation at 5 C.F.R. § 1201.183(4), which provides that, if a judge finds that there has been a good faith effort to take all actions required to be in compliance with the final decision, he will state those findings in a decision, which will be subject to the procedures for petitions for review. However, an agency's good faith attempts to comply do not preclude enforcement indefinitely: the Board is required to ensure that an agency substantively complies with its decision. *See generally Kerr v. National Endowment for the Arts*, 726 F.2d 730 (Fed. Cir. 1984) (denying the agency's motion to dismiss because only a finding of full compliance could render the case moot and remanding the compliance issue to the Board). As of yet, the agency has not informed the Board that it has achieved full compliance with the initial decision, despite the instruction in the compliance initial decision to do so. CID at 4.

Moreover, the Board has held that the agency is responsible for ensuring that its agent, DFAS, satisfies the agency's obligations. *See Tichenor v. Department of the Army*, 84 M.S.P.R. 386, ¶ 8 (1999). The administrative judge appeared to rely on the following assertion of the agency representative as set forth in the agency's January 24, 2023, pleading: "[i]t is the [a]gency's []

understanding that DFAS cannot offset [the appellant's] VA debt from his back pay until his separate debt appeal is resolved, and that DFAS will not be able to complete processing [t]he appellant's back pay until it can offset the VA debt." CID at 3-5; CF, Tab 35 at 5. The agency provides the same explanation for its failure to restore the appellant's sick leave balances. CPFR File, Tab 3 at 26 n.8.[6] However, the agency representative's explanation is not evidence, and it is not satisfactory. Absent any evidence that DFAS has refused to comply with instruction by the agency to issue payment for back pay and restore sick leave balances, we disagree with the administrative judge's conclusion that the agency has no control over DFAS. CID at 4; *see King v. Department of the Navy*, 130 F.3d 1031, 1034 (Fed. Cir. 1997); *Tichenor*, 84 M.S.P.R. 386, ¶ 8.

Lastly, the appellant requests both interest on his back pay and that the Board assess daily penalties on the agency for its noncompliance. CPFR File, Tab 1 at 11. To address the appellant's concern about interest on his back pay award, we note that the agency must pay the appellant interest on his back pay in accordance with the Back Pay Act to be in compliance with the Board's order. 5 U.S.C. § 5596(b)(2); 5 C.F.R. § 550.806; *see* ID at 21. The agency's submission demonstrating compliance must explain how it calculated the interest on the back pay award. *Antunes v. U.S. Postal Service*, 61 M.S.P.R. 408, 410 (1994); 5 C.F.R. § 1201.183(a)(1)(i).

Concerning the appellant's request for daily penalties, the Board generally does not award damages or monetary sanctions against a party for failure to comply with any order, including an order directing the payment of back pay. *Cunningham v. Department of Veterans Affairs*, 91 M.S.P.R. 523, ¶ 3 (2002); *Doiron v. U.S. Postal Service*, 68 M.S.P.R. 170, 173 (1995). However, the

---

[6] The agency further notes that it has approved advanced sick leave for the appellant and would do so again if requested by the appellant. CPFR File, Tab 3 at 26 n.8; CF, Tab 3 at 38-39, Tab 30 at 5. However, as the appellant is entitled to an official restoration of his sick leave balances, we find that the agency's promises to act in good faith are insufficient to show compliance with the Board's order. *See Walker*, 90 M.S.P.R. 136, ¶ 27.

Board's authority to impose sanctions as a means of enforcing compliance includes the authority to order that the responsible agency official "shall not be entitled to receive payment for service as an employee during any period that the order has not been complied with." 5 U.S.C. § 1204(e)(2)(A). Sanctions should be imposed only when the agency has failed to exercise basic due diligence expected of it in complying with an order or has exhibited negligence or bad faith in its efforts to so comply. *Peck v. Office of Personnel Management*, 35 M.S.P.R. 175, 178 (1987); 5 C.F.R. § 1201.43.

We recognize that the issuance of a debt owed by the appellant in the amount of $10,076.08, which should be completely offset by a back pay award, has nonetheless created a stressful situation for the appellant.[7] CF, Tab 31 at 4, Tab 36. We also recognize that the agency's alleged inability to rectify this "debt" and satisfy its other obligations has been ongoing for some time—and without sufficient explanation. CF, Tab 35 at 5; CPFR File, Tab 3. We therefore find the agency in noncompliance with the final decision reversing the appellant's removal.

Because we have found the agency in noncompliance, the agency is being directed to file evidence of compliance with the Clerk of the Board, and the appellant will be afforded the opportunity to respond to that evidence. The appellant's petition for enforcement will be referred to the Board's Office of General Counsel, and, depending on the nature of the submissions, an attorney with the Office of General Counsel may contact the parties to further discuss the compliance process. The parties are required to cooperate with that individual in good faith. Because the purpose of the proceeding is to obtain compliance, when appropriate, an Office of General Counsel attorney or paralegal may engage in ex parte communications to, among other things, better understand the evidence of compliance and any objections to that evidence. Thereafter, the Board will issue

---

[7] Notably, to the appellant's understandable objection, the debt letter issued to him on October 22, 2022, notifies him that interest and additional penalties at a rate of up to 6% could be imposed on his "debt." CPFR File, Tab 1 at 11; CF, Tab 31 at 4, 6.

a final decision fully addressing the appellant's petition for review of the compliance initial decision[8] and setting forth the appellant's further appeal rights and the right to attorney fees, if applicable.

**ORDER**

We ORDER the agency to submit to the Clerk of the Board within 20 days of the date of this Order satisfactory evidence of compliance. This evidence shall adhere to the requirements set forth in 5 C.F.R. § 1201.183(a)(6)(i), including submission of evidence and a narrative statement of compliance. The agency must serve all parties with copies of its submission.

The agency's submission shall demonstrate, among all other requirements, that it properly calculated the appellant's overtime and differential pay hours back pay and submitted its calculations to DFAS. The agency's submission shall include the records for similarly situated individual(s) during the period in question regardless of whether it used this information in its overtime computation.[9]

---

[8] The subsequent decision may incorporate the analysis and findings set forth in this Order.

[9] The fact that a dispute remains about overtime and differential pay shall not delay the agency from immediately paying the appellant the undisputed amount and producing evidence of such payment. *See Russo v. U.S. Postal Service*, 107 M.S.P.R. 296, ¶ 15 (2007).

The agency's submission should be filed under the new docket number assigned to this compliance referral matter, **MSPB Docket No. PH-0752-22-0072-X-1**. All subsequent filings should refer to the compliance referral docket number set forth above and should be faxed to (202) 653–7130 or mailed to the following address:

Clerk of the Board
U.S. Merit Systems Protection Board
1615 M Street, N.W.
Washington, D.C. 20419

Submissions also may be made by electronic filing at the Board's e-Appeal site (https://e-appeal.mspb.gov) in accordance with its regulation at 5 C.F.R. § 1201.14.

The appellant may respond to the agency's evidence of compliance within 20 days of the date of service of the agency's submission. 5 C.F.R. § 1201.183(a)(8). If the appellant does not respond to the agency's evidence of compliance, the Board may assume that he is satisfied with the agency's actions and dismiss the petition for enforcement.

The agency is reminded that, if it fails to provide adequate evidence of compliance, the responsible agency official and the agency's representative may be required to appear before the General Counsel of the Merit Systems Protection Board to show cause why the Board should not impose sanctions for the agency's noncompliance in this case. 5 C.F.R. § 1201.183(c). The Board's authority to impose sanctions includes the authority to order that the responsible agency official "shall not be entitled to receive payment for service as an employee during any period that the order has not been complied with." 5 U.S.C. § 1204(e)(2)(A).

This Order does not constitute a final order and therefore is not subject to judicial review under 5 U.S.C. § 7703(a)(1).  Upon the Board's final resolution of the remaining issues in the petition for enforcement, a final order shall be issued, which then shall be subject to judicial review.


FOR THE BOARD:                    *Gina K. Grippando*
                                  _____
                                  Gina K. Grippando
                                  Clerk of the Board

Washington, D.C.